IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EDWARD MORROW, ) | Civil Action No. 4:06-2595-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| NFN KENNERLY, NURSE AT MANNING CI, ) | |
| NFN LEWIS, NURSE AT MANNING CI, ) | |
| NFN ENGLAND, NURSE AT MANNING CI, ) | |
| NFN PEPPERS, NURSE AT MANNING CI, ) | |
| JOHN DOE, NURSE AT KIRKLAND CI, ) | |
| NFN BUYON, LIEUTENANT AND PRISON ) | |
| GUARD, ) | |
| Defendants. ) | |
| _____ ) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Edward Morrow ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on September 20, 2006. Plaintiff alleges that his constitutional rights were violated by defendants. At the time of the filing of the complaint, plaintiff was an inmate of the South Carolina Department of Corrections (SCDC). Plaintiff was released from the SCDC on or about September 29, 2006. (Document # 18). Defendants filed a motion for summary judgment on May 3, 2007. Because plaintiff is proceeding pro se, he was advised on or about May 4, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. Plaintiff has failed to respond.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the Court's Order requiring him to respond. The undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

### II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to

Fed. R. Civ. Proc. 41(b).

                                                Respectfully submitted,

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

June 19, 2007
Florence, South Carolina

      **The parties' attention is directed to the important information on the attached notice.**